## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| LESEY FAY AND PETER FAY, , ) | |
| ) | |
|       Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE HARTFORD INSURANCE ) | |
| COMPANY, HARTFORD FINANCIAL ) | |
| SERVICES GROUP, INC., SENTINEL ) | |
| INSURANCE COMPANY AND ) | |
| YVONNE LYNCH, individually and as ) | Case No. _____ |
| an employee of THE HARTFORD ) | |
| INSURANCE COMPANY and/or ) | |
| HARTFORD FINANCIAL SERVICES ) | |
| GROUP INC., or SENTINEL ) | |
| INSURANCE COMPANY, CRAIG ) | |
| BEAUDRY, individually and as an ) | |
| employee of BEAUDRY INSURANCE ) | |
| AGENCY LLC ) | |
| ) | |
|       Defendants. ) | |

## NOTICE OF REMOVAL

Defendants Sentinel Insurance Company, Yvonne Lynch, and Hartford Financial Services Group ("HFSG") (collectively "Defendants")[1] remove this action from the First Judicial District Court, Santa Fe County, to the United States District Court for the District of New Mexico. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

---

[1] The Complaint erroneously named Hartford Insurance Company as a Defendant.  No such entity exists.  Sentinel is the company that issued the policy at issue in this case. The complaint also names HFSG and Craig Beaudry and Beaudry Insurance Agency, LLC.  As set forth, HFSG and Beaudry are fraudulently joined defendants.

## I.   Introduction.

In their operative First Amended Complaint, plaintiffs Lesey Fay[2] and Peter Fay ("Plaintiffs") seek business interruption coverage under a property policy first issued by Sentinel in or about October 2006 based on alleged defects in the municipal sewer system that serviced their restaurant that caused it to close in or about September 2013.  Paras 9-12.

Plaintiffs initially filed a lawsuit against Sentinel, HFSG, and Lynch.  On July 30, Plaintiffs filed an Amended Complaint adding their insurance broker, Craig Beaudry and Beaudry Insurance Agency, LLC ("Beaudry").  The Amended Complaint includes four causes of action: (1) breach of contract (Ex. A, Am. Compl. ¶¶ 7-15); (2) insurance bad faith (*id.* ¶¶ 16-25); (3) violation of insurance code (*id.* ¶¶ 26-29); and (4) violation of unfair trade practices act (*id.* ¶¶ 30-38).  In addition to compensatory damages, Plaintiffs allege they are entitled to punitive damages, attorneys' fees, and costs.  (*Id.* ¶¶ 39-40; Prayer for Relief.).

Removal is appropriate because this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Diversity jurisdiction exists because the properly joined parties are diverse and all of the information, viewed together, presents a "plausible allegation" that the amount in controversy exceeds $75,000.  *See Dart Cherokee Basin Operating Co., L.L.C. v. Owens*, 135 S. Ct. 547, 554 (2014).

## II.   This Court Has Jurisdiction Under 28 U.S.C. § 1332.

### A.   There Is Diversity Of Citizenship.

#### 1.   Plaintiff is a Citizen of Mexico.

Plaintiffs allege they reside in Mexico.  (Ex. A, Compl. ¶ 1.) On information and belief, Plaintiff is a citizen of Mexico.

---

[2] Although the Complaint is captioned "Lesey Fay" it appears her name is Lesley Fay.

2.   <u>Sentinel is a Citizen of Connecticut.</u>

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it has been incorporated and the state where it has its principal place of business.   28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-92 (2010). Sentinel Insurance Company, Ltd. is a Connecticut insurance company with its principal place of business in Hartford County, Connecticut.   Sentinel's principal place of business is in Hartford County, Connecticut because that is where Sentinel maintains its principal executive offices and "nerve center," where its high level officers direct, control and coordinate the corporation's activities. *Friend*, 559 U.S. at 80.

3.   <u>Lynch Is A Citizen of Arizona.</u>

Plaintiffs do not allege any citizenship for Lynch.  (Ex. A ¶ 4.)  Lynch resides in Arizona and is a citizen of Arizona.

4.   <u>Beaudry's Citizenship Should Be Disregarded Because He Were Fraudulently Joined.</u>

Beaudry is the insurance agent who sold the policy in questions.   Although Plaintiffs allege Beaudry is a New Mexico resident, this Court should not consider Beaudry's citizenship  when considering the existence of diversity because he is a "sham defendant," whose inclusion as a defendant amounts to a fraudulent joinder.

A fraudulent joinder does not defeat diversity. *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).   "'To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).   To establish fraudulent joinder, the removing party must demonstrate that "there is no possibility that the plaintiff will recover against an in-state defendant." *McDaniel v. Loya*, 304 F.R.D. 617, 630 (D.N.M. 2015).

The FAC contains no viable causes of action against Beaudry.  Plaintiff alleges no actual wrongdoing to Beaudry[3] other than a conclusory remark in count IV with respect to the sale of the policy.  And even if Plaintiffs were permitted to amend their complaint to state a claim against Beaudry, their effort would be futile.   Any such claim against Beaudry would be time-barred.   Because Plaintiffs have not and cannot state any viable claims against Beaudry, he was fraudulently joined and cannot serve to defeat diversity as more fully described below.

*Breach of Contract.*  Plaintiffs have failed to state a claim for breach of contract against Beaudry because Plaintiffs have not alleged that they had a contract with Beaudry.  *Res. Assocs. Grant Writing & Evaluation Servs., Inc. v. Southampton Union Free Sch. Dist.*, No. 2016 WL 3996383, at *33 (D. N.M. June 15, 2016) (the first element of a breach of contract claim is "existence of a contract").  Indeed, Beaudry is not a party to the contract at issue in this case—the insurance policy.  (*See* Ex. B, Insurance Policy.)

*Insurance Bad Faith.*  Beaudry is not an insurer and thus cannot be held liable for insurance bad faith.  Plaintiffs have not alleged (and could not allege) that Beaudry is an insurance company.

*Unfair Claims Practices Pursuant to NMSA 1978, § 59A-16-20.*  Plaintiffs allege a claim for unfair claims practices in violation of NMSA § 59A-16-20 based upon Sentinel's alleged failure "to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim." (Ex. A, ¶ 27.)  Plaintiffs do not allege Beaudry had any statutory duty to settle their claim.  Again, as noted above, Beaudry is not an insurer.

*Violation of the Unfair Practices Act, NMSA 1978, § 57-12-1, et seq.*  As with prior claims, Plaintiffs have not pled an Unfair Practices Act claim against Beaudry.  Plaintiffs have not identified any false or misleading oral or written statement, visual

---

[3] Paragraph 6 of the FAC describes "Beaudry Insurance Agency" as a Defendant.  It is not, however, named as a party in the caption.  Any claim against Beaudry Insurance Agency would fail for the same reasons the claims against Beaudry fail.

description or other representation that they attribute to Beaudry (or to any other defendant). *See Guidance*, 749 F. Supp. 2d at 1259 (identifying the four elements of a New Mexico Unfair Practices Act claim, the first of which is a false or misleading misrepresentation); *see also* NMSA 1978, § 57-12-2(D). Rather, Count IV contains one conclusory allegation that

> said Defendants made false statements to Plaintiffs that they were covered for their business loss, said Defendants made statements in connection with the sale of services and knew the statements were false, said Defendants made the statement in the regular course of trade or commerce, and the statement was one which may, tended to, or does deceive or mislead persons.

(Ex. A ¶ 36.)

Conclusory allegations are insufficient to adequately plead a claim. *See Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) ("a plaintiff cannot rely on labels and conclusions, and a formulaic recitation of the elements of a cause of action. We accordingly disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.") Plaintiffs have not properly pled Count IV against Beaudry.

Count IV fails as to Beaudry for the additional reason that any claim Plaintiffs could manufacture would be time-barred. Any misrepresentations Beaudry allegedly made during the sale of the policy would necessarily have been made prior to the issuance of the policy in October 2006. (Ex. A, Am. Compl. ¶9). Unfair Trade Practices Act claims are subject to a four-year statute of limitations. *Nance v. L.J. Dolloff Associates, Inc.*, 2006-NMCA-012, ¶¶ 21-22, 138 N.M. 851, 856, 126 P.3d 1215, 1220. The four-year limitations period expired, at the latest, on July 12, 2016—more than a year before Plaintiffs filed their First Amended Complaint.

Accordingly, under the doctrine of fraudulent joinder, Beaudry's citizenship can be disregarded for purposes of determining diversity of citizenship.

5.   <u>HFSG Is Diverse, But Is Not Properly Joined.</u>

This Court lacks personal jurisdiction over HFSG. HFSG is not an insurance company, and it does not write, sell, or issue insurance policies in New Mexico or in any other state. HFSG did not issue Plaintiffs' policy with Sentinel. (Ex. B, Insurance Policy.) HFSG is not incorporated in New Mexico, nor does it have its principal place of business in New Mexico. HFSG is not licensed by the New Mexico Secretary of State or the New Mexico Superintendent of Insurance.   HFSG had no involvement in the handling, investigating, or adjusting of Plaintiffs' claim. Indeed, "[a]s a holding company,[HFSG] has no significant business operations of its own." (Ex. C, Excerpt from HFSG's 10-K.) HFSG is actually incorporated in the state of Delaware with its principal place of business in Connecticut.  Accordingly, HFSG does not defeat diversity; however, it is not a properly-joined defendant.   Without waiving its personal jurisdiction and other defenses, HFSG does join in this removal.

## III.   **The Amount In Controversy Exceeds $75,000.** [4]

Where there is diversity of citizenship, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds $75,000, and does not need to provide evidence supporting that allegation. *Dart*, 135 S. Ct. at 554.

---

[4] In outlining the amount Plaintiffs have placed in controversy, Defendants neither concede Plaintiffs are entitled to any relief nor waive any right to contest the amount of their claimed damages.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover.  Rather it is an estimate of the amount that will be put at issue in the course of the litigation."). Defendants expressly deny liability and reserve their right to assert all defenses to Plaintiffs' substantive claims, as well as to contest the amount of Plaintiffs' alleged damages and their claim for attorneys' fees and costs.

Here, Plaintiffs allege they are seeking business interruption coverage based on the long term failure of a municipal sewer line that caused them to close their restaurant. Setting aside whether Plaintiffs' claim would be covered under the Policy, any claim for loss of the restaurant's business income would be limited to no more than 12 months plus 60 days of extended business income. (Ex. B, at 10, 17.) Plaintiffs have failed to provide Sentinel with information about their restaurant's business earnings. However, Plaintiffs claim in in, bankruptcy filings that they earned $2,954 a month from their business. (Ex. C, Schedule of Assets.) Thus, Plaintiffs might claim lost business income to the restaurant of 14 times $2,954 or $41,356[5] In addition, Plaintiffs claim to have incurred $15,000 in closure-related expenses and $3,625 for repairs to the restaurant for a total of $59,981. (Ex. D, Pages from Claim File, at 74 and 77.)

With $59,981 in claimed contract damages, the amount in controversy easily exceeds $75,000 when you add in Plaintiffs' claims for punitive damages and attorneys' fees. "A claim for punitive damages may be included in the jurisdictional amount to the extent of recovery that New Mexico punitive-damage law allows." *See Walker v. THI of N.M. at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1327 (D.N.M. 2011). Under New Mexico law, punitive damage awards can reach a ratio of 7.4 to 1 with compensatory damages where there has been a finding of bad faith. *Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 976 P.2d 1, 19 (N.M. 1998); *see also Muncey v. Eyeglass World, LLC*, 289 P.3d 1255 (2012) (punitive damages awarded at a ratio of 6.6:1 ratio).[6] Accordingly, by

---

[5] Defendants assume Plaintiffs would claim their business income loss would be at least the amount of money they earned personally from the business; however, Defendants reserve the right to contest this means of calculating loss of business income to the restaurant.

[6] Moreover, New Mexico juries frequently award punitive damages in a greater than 1-to-1 ratio with compensatory damages. *See Progressive Cas. Ins. Co. v. Vigil*, 345 P.3d 1096 (N.M. Ct. App. 2015) ($37,000 compensatory and $11.7 million punitive), *certiorari granted*; *Am. Nat. Property & Cas. Co. v. Cleveland*, 293 P.3d 954 (N.M. Ct. App. 2012) ($20,000 compensatory and $50,000 punitive); *O'Neel v. USAA Ins. Co.*, 41 P.3d 356 (N.M. Ct. App. 2002) ($2,500 in compensatory and $20,000 in punitives); *Spurlock v. Townes*, No. 1:09-cv-00786, 2012 WL 12860564, at * 1 (D.N.M. May 9,

seeking punitive damages Plaintiffs have placed "in controversy" up to an additional $443,859.40.

Plaintiffs also seek to recover attorneys' fees.  "Attorney's fees can be included in the amount in controversy if the underlying state law on which one or more of the plaintiff's claims is based permits an award of attorneys' fees." *Zozaya v. Standard Ins. Co.*, No., 2015 WL 11118066, at *4 (D.N.M. Jan. 26, 2015).  One such basis is the New Mexico Trade Practices and Frauds Act, which "allows the Court to award attorney's fees to the prevailing party if the party charged with the violation has willfully engaged in the violation."  *Id.*  Plaintiffs have alleged such a claim here and, therefore, may be entitled to recover their attorneys' fees if they prove that Sentinel willfully violated the Act.

Defendants have thus stated a "plausible allegation" that the amount in controversy exceeds the jurisdictional minimum.  *Dart Cherokee*, 135 S. Ct. at 554.

## IV.     <u>This Removal is Timely</u>

1.      Plaintiffs filed this action in the First Judicial District Court, Santa Fe Count on June 23, 2017.

2.      Plaintiffs filed their Amended Complaint on July 30, 2017.

3.      The New Mexico Department of Insurance mailed the Summons and Complaint to Sentinel on September 25, 2017.

---

2012) ($100,000 in compensatory and $1,000,000 in punitives for two plaintiffs and $125,000 in compensatory and $1,000,000 in punitives for the third plaintiff), *affirmed, vacate, and reversed in part on other grounds*, 2016 WL 4743781 (10th Cir. Sept. 12, 2016); *Sowards v. Biotronik, Inc.*, New Mexico District Court, Third Judicial District, Case No. D-307-cv-2009-02563 ($2,323,673 in compensatory and $65,000,000 in punitives); *Beaudry v. Farmers Group, Inc.*, New Mexico District Court, First Judicial District, Case No. D-101-CV-2011-00646 ($1,000,000 in compensatory and $2,500,000 in punitive damages – trial court refused to remit punitive damage award); *Udy v. Standard E&S LLC*, New Mexico District Court, First Judicial District, Case No. D-101-CV-2011-00751 ($8,000,000 compensatory and $47,000,000 punitive).

4.      Sentinel received the Summons and Complaint on September 27, 2017. NMSA § 59A-5-32(B) ("Service of process on the insurer shall be complete upon receipt, or, in the event of a refusal to accept, the date of such refusal.").

5.      As this Notice of Removal is being filed on October 20, 2017, the removal is timely.  *See* 28 U.S.C. § 1446(b).

**V.    Hartford Has Met All Other Requirements For Removal.**

1.      This Court has diversity jurisdiction under 28 U.S.C. § 1332.

2.      Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

3.      Beaudry's consent is not required for removal in this case he is a fraudulently joined party.  Flores-Duenas v. Briones, No. CIV 13-0660 JB/CG, 2013 WL6503537, at *13 (D.N.M. Dec. 1, 2013).

4.      HFSG consents to this removal, though it is not properly joined.

5.      Defendants have attached to this Notice copies of all process, pleadings and orders filed with the State Court prior to the filing of this Notice of Removal.  (See Ex. A., State Court Filings.)

6.      Hartford has also concurrently filed a copy of this Notice in the Second Judicial District Court, Bernalillo County.

7.      Hartford has served a copy of this Notice upon Plaintiff's counsel.

8.      Hartford accordingly requests that the Court accept this Notice of Removal and assume jurisdiction in this case.

DATED: October 20, 2017         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:    *s/ Kristina N. Holmstrom*

        Kristina N. Holmstrom
        Attorneys for Defendants Sentinel, Lynch, and Hartford Financial Services Group
        2415 East Camelback Road, Suite 800
        Phoenix, Arizona 85016
        602-778-3724
        Kristina.Holmstrom@Ogletree.com

**CERTIFICATE OF SERVICE**

I hereby certify on October 20, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and mailed a copy of the following:

> Samuel M. Herrera
> The Herrera Firm, P.C.
> Attorney for Plaintiff
> P.O. Box 2345
> Taos, New Mexico 87571
> *Attorneys for Plaintiff*

 *s/ Kristina N. Holmstrom*
Kristina N. Holmstrom

31629714.1