# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| LESEY FAY and PETER FAY,<br><br>  Plaintiffs,<br><br>v.<br><br>THE HARTFORD INSURANCE COMPANY, HARTFORD FINANCIAL SERVICES GROUP, INC., SENTINEL INSURANCE COMPANY, and YVONNE LYNCH, individually and as an employee of THE HARTFORD INSURANCE COMPANY and/or HARTFORD FINANCIAL SERVICES GROUP INC., or SENTINEL INSURANCE COMPANY, CRAIG BEAUDRY, individually and as an employee of BEAUDRY INSURANCE AGENCY, LLC,<br><br>  Defendants. | No. 1:17-cv-01054-PJK-SCY |

**MEMORANDUM OPINION AND ORDER DENYING PENDING MOTIONS**

THIS MATTER is before the court on Plaintiffs' Motion for 90 Day Stay of Proceedings (ECF No. 31) and Defendant Sentinel Insurance Company's (Sentinel's) Countermotion for Summary Judgment (ECF No. 36). Upon consideration thereof, the court finds that Sentinel's countermotion is not well taken and should be denied. The

court will deny Plaintiffs' motion for a stay as moot.[1]

## Background

Plaintiffs are the former owners of Graham's Grille, a restaurant in Taos, New Mexico, and of Graham's Inc.,[2] a defunct New Mexico corporation. See Second Amended Complaint at 1 (ECF No. 29). Before opening the restaurant in 2007, Plaintiffs purchased business interruption insurance from Defendants. Id. at 2. After opening, Graham's Grille encountered frequent sewage problems that Plaintiffs allege were caused by the Town of Taos's failure to maintain and repair municipal sewer lines serving the restaurant. Id. at 2–3. In 2013, Plaintiffs closed the restaurant and filed a claim against their insurance policy with Defendants. Id. at 3. Plaintiffs then filed an action in state court alleging breach of contract, bad faith, violation of state insurance statutes, and violation of New Mexico's Unfair Trade Practices Act. See Notice of Removal (ECF No. 1 Ex. A). The Defendants removed the action to federal court on the basis of diversity jurisdiction. See id. The assigned district judge granted an unopposed motion to dismiss claims against Hartford Financial Services Group, Inc. ECF No. 28.

In March 2019, Plaintiffs filed a Motion for 90 Day Stay of Proceedings. ECF No. 31 (filed Mar. 21, 2019). In this motion, Plaintiffs revealed that they had filed for

---

[1] This matter was transferred to the undersigned on March 3, 2020. ECF No. 44.

[2] The Plaintiffs refer to the corporation as both "Grahams Inc" and "Graham's Inc." The court follows the Second Amended Complaint by referring to the corporation as Graham's Inc. except in direct quotations using other formulations.

bankruptcy in 2013 which had concluded in 2014.  See ECF No. 31 at 1; In re Peter B. Fay & Lesley B. Fay, No. 13-12921-t7.  Counsel for Plaintiffs represented that he was unaware that the insurance action was properly part of the bankruptcy estate.  ECF No. 31 at 1.  Plaintiffs moved for a stay in order to allow the bankruptcy trustee to determine whether he wished to assume control of the action.

In its response, Sentinel not only opposed the motion, but also moved for summary judgment.  ECF Nos. 35–36.  Sentinel argued that Plaintiffs' failure to disclose the insurance action in the bankruptcy proceeding judicially estopped them from pursuing this action.  Id. at 3.  In response, Plaintiffs argued that (1) Sentinel failed prove a lack of disclosure to the bankruptcy court or (2) the insurance policy was not a personal asset required to be disclosed in the bankruptcy.  ECF No. 37 at 2–3.  Sentinel replied that the Plaintiffs' admissions were proof of their failure to disclose this asset in bankruptcy and, alternatively, that Plaintiffs lacked standing to sue on the policy given their admission that the policy was issued to a non-party corporate entity, Graham's Inc. d/b/a Grahams Grill.  Sentinel was aware of this defense earlier in the litigation.  ECF No. 6 at 3, n.3.

**Discussion**

A motion for summary judgment should be granted when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The court views the factual record and reasonable inferences that may be drawn from it in the light most favorable to the nonmoving party.  Banner Bank v. First Am. Title Ins. Co., 916 F.3d 1323, 1326 (10th Cir. 2019).

The local rules require that a party seeking summary judgment must file a memorandum containing "a concise statement of all of the material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer with particularity to those portions of the record upon which the movant relies." D.N.M. LR-Civ. 56.1(b). Sentinel's motion lacks this statement which then would allow Plaintiffs to meet those facts directly and also provide any additional facts. See id. Although Sentinel contends that it is relying only upon admissions, the court prefers that parties follow the local rules.

In any event, there appears to be a material factual dispute as to who actually owns or may bring the claim in this insurance dispute. In their complaint, Plaintiffs claim that they are former owners of Graham's Grille and Graham's Inc., a now-defunct corporation. ECF No. 29 at 1, ¶ 1. Plaintiffs admit that the policy was not issued to them and that the named insured is a corporation. See ECF No. 37 at 3. They maintain that they are "successors in interest" to Graham's Inc. Id.; see also 19 Am. Jur. 2d Corporations, § 2468 (suggesting that when a corporation ceases to exist, shareholders may have an interest in the assets). At the same time, Plaintiffs acknowledged that the Trustee — who is not a party to this lawsuit — may be a real party in interest. ECF No. 38 at 1. Apparently, Plaintiffs planned to update the court on their efforts to determine the Trustee's position but this has not been done. ECF No. 43.

Finally, the court will deny Plaintiffs' motion to stay this action for 90 days. ECF No. 31. The purpose of the requested stay was to allow Plaintiffs additional time to

locate and attempt to serve Defendant Craig Beaudry[3] in the event that the Trustee decided to assume control of this action. Plaintiffs filed the motion for a 90 day stay on March 21, 2019, more than a year ago. Id. On September 5, 2019, Plaintiffs informed the court that their bankruptcy case had been reopened and the Trustee was reviewing this matter. ECF No. 43. Plaintiffs have had more than the time they originally requested to accomplish the purposes of the stay or otherwise inform the court and the motion is moot. Defendant Beaudry will be dismissed without prejudice for failure to serve.

NOW, THEREFORE, IT IS ORDERED that Sentinel Insurance Company Ltd's Countermotion for Summary Judgment (ECF No. 36) filed April 10, 2019, is denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion for 90 Day Stay of Proceedings and For Extension of Time to Serve Defendants Craig Beaudry and Beaudry Insurance Agency LLC (ECF No. 31) filed March 21, 2019, is denied as moot.

IT IS FURTHER ORDERED that Defendant Craig Beaudry is dismissed without prejudice based on a failure to effect timely service.

DATED this 14th day of April 2020, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

---

[3] The court had earlier issued an Order to Show Cause directing that Mr. Beaudry would be dismissed from the action unless Plaintiffs served him within 30 days or showed cause why he had not been served. ECF No. 26.

Counsel:

Samuel M. Herrera, The Herrera Firm, PC, Taos, New Mexico for Plaintiff.

Kristina N. Holmstrom, Ogletree Deakins Nash Smoak & Steward, P.C., Phoenix, Arizona, for Defendants.